**In re TERRANCE P.**

[Cite as *In re Terrance P.* (1997), 124 Ohio App.3d 487.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–97–1269.

Decided Dec. 15, 1997.

*David H. Bodiker*, Ohio Public Defender, and *Pamela A. Conger–Cox*, for appellant.

*Per Curiam.*

Appellant, Terrance P., filed a motion in this court requesting this court to reinstate his notice of appeal. Attached to his motion was documentation showing that the Lucas County Court of Common Pleas, Juvenile Division, entered a judgment on September 9, 1997 in which it ruled:

"This matter came before Judge James Ray for hearing on Motion to Strike Notice of Appeal as filed by Denise Navarre Cubbon, Assistant Prosecuting Attorney, Juvenile Prosecutor's Office. The Court being fully advised in this matter finds that the pieces of paper claiming to be pleadings are a nullity because of absence of valid signature.

"IT IS SO ORDERED."

Appellant is asking this court to address two questions: (1) did the trial court have power to dismiss an appeal filed in this court; and (2) is the signature on the notice of appeal invalid, rendering the appeal void? We begin by addressing the question of whether the trial court possessed authority to dismiss an appeal filed in this court.

App.R. 3(A) contains provisions that require a person wishing to appeal a trial court decision to file a notice of appeal in the trial court where the decision was filed. The purpose of the requirement that a notice of appeal be filed in the trial court is to be certain the trial court has notice that the person appealing has invoked the jurisdiction of the appellate court. This notice to the trial court is necessary, because as the Supreme Court of Ohio has stated: "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 146, 637 N.E.2d 890, 895. A ruling by a trial court dismissing an appeal in this court is certainly inconsistent with the power of this court to reverse, modify or affirm the judgment appealed, since the trial court would, by dismissing the appeal from the judgment, deprive this court of any opportunity to review the record and to consider arguments raised on appeal. Thus, while the trial court does retain some jurisdiction in a case after a notice of appeal has been filed, the trial court does not have any jurisdiction to consider whether the person has validly invoked the jurisdiction of the appellate court.

The power to review a notice of appeal to determine if it invokes the jurisdiction of this court rests solely with this court. Accordingly, the trial court

was without jurisdiction to dismiss appellant's appeal on the basis that his notice of appeal was invalid and its judgment entry of September 9, 1997 is void. Accordingly, the motion to "reinstate" this appeal is moot, because the appeal has never really been dismissed.

However, before declaring that the appeal remains viable, we must independently consider the issues raised by the trial court in its decision: is the signature on the notice of appeal invalid, and if so, is the notice of appeal so flawed this court is deprived of assuming jurisdiction in this case? This court is therefore proceeding to consider whether we must dismiss this appeal.

The record presented to us in this case shows that a signature that reads "Terrance P[.]" appears on the notice of appeal on the signature line, followed by a slash and initials. Underneath the signature line, the following typed label appears: "TERRANCE P[.], PRO SE." An affidavit from an attorney indicates that because of the "impending deadline" for Terrance to file the notice of appeal, he signed the *pro se* notice of appeal for Terrance after speaking with Terrance on the telephone and receiving authorization from Terrance to sign.

App.R. 3(D) contains the following provisions:

"Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal."

A review of the above quoted provisions shows that they do not include any requirement regarding a signature on a notice of appeal. However, because a juvenile case is considered civil in nature, *State v. Weeks* (1987), 37 Ohio App.3d 65, 66, 523 N.E.2d 532, 533; *Roe v. Franklin Cty.* (1996), 109 Ohio App.3d 772, 783, 673 N.E.2d 172, 179–180, the Civil Rules also apply in this case, even on appeal, as long as they are not by their nature clearly inapplicable. Civ.R. 1(A) and (C).

Civ.R. 11 is applicable in a juvenile proceeding, see Juv.R. 8(A)(1), and it provides:

"Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and attorney registration number, if any, shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or pro se party constitutes a certificate by

the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted."

▮▮▮ Because the provisions of Civ.R. 11 apply on appeal in a juvenile case, a signature was required on the notice of appeal. The signature that was required was either the signature of appellant or the signature of an attorney representing appellant. In this case, the signature was neither appellant's signature nor the signature of an attorney representing appellant. Clearly, the signature on the notice of appeal filed in this case does not meet the requirements of Civ.R. 11.

The Supreme Court of Ohio has stated:

"Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 322, 649 N.E.2d 1229, 1231.

In addition, we note that the Supreme Court has looked with disfavor on decisions that impose the most severe sanction, dismissal, for defects in a notice of appeal such as an irregular signature. See *Jemo Assoc., Inc. v. Lindley* (1980), 64 Ohio St.2d 365, 369, 18 O.O.3d 518, 520, 415 N.E.2d 292, 295 (reversing dismissal of tax appeal because the notice of appeal was not signed by attorney or corporate officer).

▮▮▮ Because the irregularity with the signature on the notice of appeal in this case does not appear to be the result of any intent to evade the requirements of Civ.R. 11, but was instead prompted by a desire to ensure that a timely notice of appeal was filed, this court chooses to exercise its discretion as follows. Pursuant to App.R. 3(F), appellant is granted fifteen days from the date of this order to file an amended notice of appeal bearing his signature, if he continues to proceed *pro se,* or bearing the signature of an attorney who has agreed to represent him on appeal. If no amended notice of appeal is filed within the designated time, this appeal will be dismissed.

In addition to the motion to "reinstate" this appeal, appellant has filed a motion in this court requesting appointment of counsel. Pursuant to Sixth Dist. Loc.App.R. 14, all requests for appointed counsel must first be presented to the trial court. Appellant has not presented any evidence to this court that he has presented a request to the trial court or that it has been denied. Accordingly, appellant's request for appointment of counsel is not well taken.

*Judgment accordingly.*

HANDWORK, SHERCK and KNEPPER, JJ., concur.