IN RE S.J.

[Cite as *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215.]

(No. 2004–0247—Submitted March 2, 2005—Decided July 13, 2005.)

ALICE ROBIE RESNICK, J.

{¶ 1} On the afternoon of June 30, 2002, a minor, S.J., physically fought with another minor outside S.J.'s home. Witnesses later testified to seeing S.J. with a knife during this altercation.

{¶ 2} Soon after the fight, the other minor collapsed. Emergency rescue workers transported her to the hospital, where she was pronounced dead. An autopsy revealed that the cause of death was a stab wound under the left breast.

{¶ 3} The state filed a complaint in the Juvenile Division of the Cuyahoga County Court of Common Pleas, alleging that S.J. was a delinquent child because she purposefully caused the death of another, an act that would constitute the crime of murder under R.C. 2903.02(A) if committed by an adult. The state later amended the complaint to add a second charge of murder, alleging that the death

occurred while S.J. was committing or attempting to commit felonious assault under R.C. 2903.02(B).

{¶ 4} After a mandatory-bindover hearing, the juvenile court ruled that the state had failed to establish probable cause for either murder count. The court therefore dismissed the murder charge and amended the felony-murder charge to voluntary manslaughter under R.C. 2903.03.

{¶ 5} The next morning, the state filed a notice of appeal from the juvenile court's rulings in the mandatory-bindover hearing. The state immediately notified the juvenile court of the appeal and moved for a stay and a continuance. The juvenile court denied the state's motions, reasoning that the state lacked a final order to appeal. The state then objected to the court's proceeding with adjudication "without jurisdiction." The court nevertheless accepted S.J.'s admission to the amended charge of voluntary manslaughter and declared S.J. delinquent. The court committed S.J. to the custody of the Ohio Department of Youth Services for at least three years.

{¶ 6} S.J. filed a motion to dismiss the appeal, and the court of appeals granted the motion, ruling, "Any appeal of the probable cause findings made in the mandatory bind-over proceedings now would be moot." The court held that jeopardy attached when the juvenile court proceeded to adjudicate S.J. a delinquent, and therefore regardless of the merits of the state's appeal, S.J. could never be tried as an adult.

{¶ 7} The cause is before this court pursuant to the acceptance of a discretionary appeal.

{¶ 8} This court agreed to examine the following two issues: (1) whether a juvenile court has jurisdiction to proceed with an adjudication of a child after a notice of appeal has been filed from an order of that court and (2) whether the Double Jeopardy Clause of the United States Constitution prohibits an appellate court from ordering that a child be tried as an adult if a juvenile court has adjudicated the child a delinquent during the pendency of the appeal.

## I. Adjudication After a Notice of Appeal

{¶ 9} An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from. Id.; *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354. The adjudication of a child during the pendency of an appeal interferes and is inconsistent with the jurisdiction of the appellate court. Therefore, we hold that

a juvenile court lacks jurisdiction to proceed with an adjudication of a child after a notice of appeal has been filed from an order of that court.

{¶ 10} Furthermore, the determination as to the appropriateness of an appeal lies solely with the appellate court. A juvenile judge has no authority to determine the validity or merit of an appeal. *In re Terrance P.* (1997), 124 Ohio App.3d 487, 489, 706 N.E.2d 801 ("the trial court does not have any jurisdiction to consider whether the person has validly invoked the jurisdiction of the appellate court").

{¶ 11} In this case, the juvenile judge proceeded with the adjudication of S.J. despite knowing that the state had filed a written notice of appeal of the court's probable-cause findings. The judge supported her decision to proceed by reasoning that the state lacked a final and appealable order. However, the judge's opinions regarding the propriety of the state's appeal could not alter the fact that the filing of the notice of appeal had divested the juvenile court of any jurisdiction to proceed with the adjudication during the pendency of the appeal.

{¶ 12} Notably, the state did have a right to appeal from the juvenile court's probable-cause findings. R.C. 2945.67(A) outlines the circumstances under which the state may prosecute an appeal in a criminal or delinquency matter. That section states, "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information * * *."

{¶ 13} Here, the juvenile court dismissed the murder charge and amended the felony-murder charge on its own motion. This dismissal is the equivalent of a "decision grant[ing] a motion to dismiss" under R.C. 2945.67(A). *State v. Ryan* (1984), 17 Ohio App.3d 150, 151, 17 OBR 250, 478 N.E.2d 257. Such an order is final, as it affects a substantial right and prevented a judgment on the murder charges. R.C. 2505.02(B).

## II. Attachment of Jeopardy

{¶ 14} The Double Jeopardy Clause of the Fifth Amendment applies to juvenile proceedings. *In re Cross*, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, at ¶ 23–24. Nevertheless, "[a] plea of former jeopardy cannot be based on a void judgment." *Foran v. Maxwell* (1962), 173 Ohio St. 561, 562, 20 O.O.2d 166, 184 N.E.2d 398. During the pendency of an appeal, any adjudication of a child made by a juvenile court is void. Therefore, the Double Jeopardy Clause of the United States Constitution does not apply, and the court of appeals may review the merits of the appeal.

{¶ 15} Since the juvenile court in this case acted without jurisdiction, the court's order adjudicating S.J. a delinquent child is void. Further, because the

14

juvenile court's adjudication of S.J. is void, the Double Jeopardy Clause of the United States Constitution does not apply and the court of appeals has the power to review the juvenile court's rulings.

{¶ 16} For all the foregoing reasons, the judgment of the court of appeals is reversed, and the cause is remanded to the appellate court for further proceedings.

Judgment reversed
and cause remanded.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker, Assistant Prosecuting Attorney, for appellant, the state of Ohio.

Robert L. Tobik, Cuyahoga County Public Defender, and Robert M. Ingersoll, Assistant Public Defender, for appellee, S.J.