OPINION
{¶ 1} Appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that dismissed criminal complaints filed against D.T.F. in these consolidated cases. For the following reasons, we affirm that judgment.
 {¶ 2} On the night of September 10, 2004, Michael Poindexter and some friends went to a Walnut Ridge High School football game. Poindexter and his friends were members of a gang known as the 22nd Street Bloods. At the game, Poindexter and his friends fought with members of another Bloods sect, the Mound and Burk Bloods. The two gangs had been fighting with each other for about a year. D.T.F. was a member of the Mound and Burk gang. D.T.F. was also involved in the fight with the 22nd Street Bloods at the football game. After the police broke up the fight, Poindexter and his friend, David Hawkins, left the area. They were driven to an apartment near 22nd Avenue and Sycamore Street on the east side of Columbus, Ohio. According to Poindexter, as they exited the car and began walking, he saw a white, four-door car. As the white car passed, one of the passengers fired a handgun at Poindexter and Hawkins. A green, four-door car immediately followed the white car. One of the passengers in the green car fired a shotgun at Poindexter and Hawkins and then the green car sped away. Poindexter was hit in the leg by buckshot from the shotgun blast. Police responded to the incident and Poindexter told them that D.T.F. was the person who shot him.
 {¶ 3} As a result of this incident, two complaints were filed in the Juvenile Branch of the Franklin County Court of Common Pleas. Those complaints alleged that D.T.F., age 16, was a delinquent child and charged him with one count of attempted murder, in violation of R.C. 2903.03 and 2923.02 (case No. 05AP-04), and one count of felonious assault in violation of R.C. 2903.11(A)(2) (case No. 05AP-03). Both counts contained firearm specifications. The state then filed, pursuant to R.C. 2152.12, a motion to relinquish jurisdiction in both of these cases. The state requested the juvenile court to transfer D.T.F.'s cases to the general division of the Franklin County Court of Common Pleas.
 {¶ 4} On November 17, 2004, the juvenile court held a hearing on the state's motions. During the hearing, Poindexter essentially described the events of the night in question as set forth above except that he initially indicated he did not know who shot him. However, he was certain that D.T.F. was a passenger in the green car. Poindexter also testified that he could not remember who he identified as the shooter when he first spoke to the police. At this point in the hearing, the prosecutor asked the court to call Poindexter as its own witness due to changes in his testimony. Over objections, the trial court agreed and called him as the court's witness. Poindexter then admitted that he identified D.T.F. as the shooter that night. However, he also said that he did not know if D.T.F. was the one who actually shot him. Poindexter admitted that he saw D.T.F. stick something out of the car window, but he did not know what it was. Poindexter further testified that he told the police that D.T.F. was the shooter because he was mad and scared at the time. He also testified that the green car's back window was down and that there were people in the back seat, although he could not see them.
 {¶ 5} Thereafter, the prosecutor informed the court that she felt Poindexter was not being truthful and that he should consult with an attorney before he continued his testimony. The trial court then allowed Poindexter to speak with his father about whether Poindexter should retain an attorney. Ultimately, Poindexter declined an attorney and continued with his testimony. When his testimony resumed, however, Poindexter identified D.T.F. as the person who shot him. He testified that he saw D.T.F. inside the car, holding a shotgun and wearing a black "hoodie" on his head. However, the "hoodie" did not obscure Poindexter's view of D.T.F.'s face. Poindexter stated that he has known D.T.F. since the sixth grade. When confronted with his earlier inconsistent testimony, Poindexter stated that he was scared due to a threat to "finish him off" made to his mother shortly before trial, and that the threat affected his earlier testimony.
 {¶ 6} David Hawkins also described the events of that night. He testified that a gold car followed by a green car drove by as both he and Poindexter walked away from the car that had dropped them off. He saw D.T.F. hanging out the passenger side window of the green car. He said D.T.F. wore a red shirt and had nothing covering his head. He did not see D.T.F. with a gun. Hawkins was closer to the street than Poindexter at the time of the shooting. Hawkins also testified that the back window of the green car was rolled up.
 {¶ 7} Following the hearing, the trial court determined that there was not probable cause to believe that D.T.F. committed the charged offenses.[1] Accordingly, the juvenile court dismissed the state's motions to relinquish jurisdiction. The juvenile court also, sua sponte, dismissed the complaints against D.T.F.
 {¶ 8} The state appeals, assigning the following errors:
THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT THERE WAS NO PROBABLE CAUSE THAT DEFENDANT COMMITTED THE CRIMES CHARGED.
 {¶ 9} Before addressing the state's assignment of error, we must first address D.T.F.'s contention that the state was required to obtain leave of this court to appeal the juvenile court's decision. See R.C. 2945.67(A). The Supreme Court of Ohio recently ruled that a juvenile court's sua sponte dismissal of criminal charges, after a determination that probable cause did not exist, is the equivalent of a decision granting a motion to dismiss under R.C. 2945.67(A). In re S.J., 106 Ohio St.3d 11,2005-Ohio-3215, at ¶ 13. Pursuant to that statute, the state can appeal as a matter of right the granting of a motion to dismiss. Accordingly, the court ruled that the state could appeal as a matter of right the juvenile court's sua sponte dismissal of criminal charges.
 {¶ 10} Similarly, in this matter, the state seeks to appeal the juvenile court's sua sponte dismissal of criminal charges after a determination that probable cause did not exist. In accordance with In reS.J., the state is entitled to appeal that decision as a matter of right, without leave of court.
 {¶ 11} We now address the state's lone assignment of error, in which it contends that the trial court abused its discretion when it found the absence of probable cause. R.C. 2152.12 sets forth the procedure for transferring a juvenile from the juvenile division to the common pleas court for criminal prosecutions. More specifically, R.C. 2152.12(A) provides for mandatory transfer of a case if: (1) the complaint alleges that the child committed an act that would be attempted murder if committed by an adult, (2) the child was 16 or 17 at the time of the act, and (3) probable cause exists to believe that the child committed the act. R.C. 2152.12(B) provides for the discretionary transfer of a child if that child committed an act that would be a felony if committed by an adult. Under subsection (B), the juvenile court also must find that: (1) the child was 14 years old or older at the time of the act, (2) probable cause exists to believe that the child committed the act, and (3) the child is not amenable to care or rehabilitation within the juvenile system and the safety of the community may require that the child be subject to adult sanctions.
 {¶ 12} To grant either a mandatory or discretionary transfer, a juvenile court must find that probable cause exists to believe that the child committed the acts charged. In meeting this standard, the state must produce evidence that raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt.State v. Iacona (2001), 93 Ohio St.3d 83, 93. The state must provide credible evidence of every element of an offense to support a finding that probable cause exists to believe that the child committed the offense. Id. To determine whether probable cause exists, the juvenile court "must evaluate the quality of the evidence presented by the state in support of probable cause as well as any evidence presented by the respondent that attacks probable cause." Id., citing Kent v. UnitedStates (1966), 383 U.S. 541, 563, 86 S.Ct. 1045, 1058.
 {¶ 13} The trial court found that there was not probable cause to believe that D.T.F. committed the charged offenses largely due to inconsistencies in Poindexter's testimony as well as inconsistencies between Poindexter's and Hawkins' testimony describing the shooting. Specifically, the court noted the different descriptions of the person who shot Poindexter. Poindexter testified that D.T.F. had a gun and wore a black "hoodie" with the hood pulled up on his head. Hawkins testified that D.T.F. wore a red t-shirt and did not have a hood pulled up on his head. Hawkins further stated that D.T.F. was not holding a gun. There were other minor inconsistencies in their testimony. Poindexter testified that the first car which drove by them was white while Hawkins testified it was gold. Poindexter testified that the back window of the car carrying D.T.F. was down, while Hawkins testified that the window was up. Most significantly, the trial court noted that Poindexter first testified that, although he saw D.T.F. in the green car, he did not know who fired the shotgun blast that struck him.
 {¶ 14} In making its probable cause determination, the juvenile court must evaluate the quality of the state's evidence supporting probable cause. Iacona. Thus, the court is entitled to weigh the evidence and determine the credibility of a witness' testimony. In such a situation, questions regarding witness credibility and the weight to be given specific testimony are matters best left to the juvenile court, whose opportunity to make those determinations is superior to that of this reviewing court. Cf. State v. Turner, Franklin App. No. 04AP-364,2004-Ohio-6609, citing State v. DeHass (1967), 10 Ohio St.2d 230. The juvenile court is in the best position to observe the witnesses' demeanor, voice inflection and mannerisms. Id. This is even more significant in the present case given the allegations of perjury and witness intimidation.
 {¶ 15} Here, the trial court found that the state's identification evidence was not credible, and therefore, afforded that evidence no weight. Because the trial court is in a much better position to assess credibility, we must defer to that court's credibility determination. Inre Cline (Jan. 18, 2002), Montgomery App. No. 19082; cf. Caldas v.Caldas, Montgomery App. No. 20691, 2005-Ohio-4493, at ¶ 51; State v.Larew (Nov. 29, 2000), Mahoning App. No. 98-CA-168. Poindexter and Hawkins were the only witnesses with personal knowledge about the shooting who testified for the state at the probable cause hearing. If Poindexter's testimony was not credible, there is no other evidence to establish every element of the offense necessary to support a finding of probable cause. Therefore, the trial court did not err in finding the absence of probable cause.
 {¶ 16} Accordingly, the state's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Bryant and Sadler, JJ., concur.
[1] The juvenile court did find that probable cause existed to support an unrelated charge of carrying a concealed weapon and ordered a pre-sentence investigation and psychological evaluation to determine whether or not to transfer that charge to the common pleas court. That charge is not before the court in these appeals.