OPINION *Page 3 
{¶ 1} Appellant Haldon Miller ("Miller") brings these appeals from the judgments of the Court of Common Pleas of Seneca County, Juvenile Division.
 {¶ 2} On Friday, July 14, 2006, the Seneca County Department of Job and Family Services ("the Agency") filed complaints alleging that Hunter Miller was an abused, neglected, and dependent child and that his sister, Harmonie Bernal, was a dependent child. The children were removed from the home pursuant to ex parte temporary orders and placed with their maternal grandmother. A probable cause hearing and hearing to continue the ex parte temporary orders was held on Monday, July 17, 2006, and the parents agreed to continue temporary custody with the grandmother. They also agreed to a restraining order preventing Miller from being within 1,000 feet of the children.
 {¶ 3} On August 11 and September 11, 2006, an adjudication hearing was held. The agency called Miller to testify as if on cross-examination. Miller objected to answering questions concerning a fire in the residence that he allegedly set claiming his Fifth Amendment Right to not testify against himself concerning criminal matters. At that time Miller had been indicted on one count of aggravated arson stemming from the matters upon which he was being called to testify. The trial court overruled the Fifth Amendment claim and ordered Miller to answer the questions. On September 12, 2006, the trial court entered judgment *Page 4 
finding Hunter to be a dependent, abused, and neglected child and that Harmonie is a dependant child. The dispositional hearings were set for November 8, 2006. On November 3, 2006, the notices of appeal were filed from the adjudications and given appellate case numbers 13-06-41 and 13-06-42. The trial court, nonetheless, held the consolidated dispositional hearing on November 8, 2006. On November 14, 2006, the trial court entered judgment granting temporary custody to the maternal grandmother and arranging visitation for both Miller and the mother. Miller filed his notices of appeal from the consolidated dispositional hearing on November 30, 2006. Those appeals were given appellate case number 13-06-51 and 13-06-52. On December 11, 2006, the appeals were consolidated for briefing into case number 13-06-52. Miller raises the following assignments of error in his appeal.
 The trial court erred in allowing [Miller] to be called to testify as if on cross-examination in violation of his Fifth Amendment right against self-incrimination.
 The trial court's decision in finding [Miller's] children were dependant, abused, and neglected is against the manifest weight of the evidence.
 {¶ 4} Before this court can examine the assignments of error, a determination of jurisdiction must be made. The original appeal on November 3, 2006, was taken from the August 11 and September 11, 2006, adjudication hearing and was filed prior to the consolidated dispositional hearing. "An *Page 5 
adjudication by a juvenile court that a child is `neglected' or `dependent' * * * followed by a disposition awarding temporary custody to a public children services agency * * * constitutes a final order * * * and is appealable to the court of appeals[.]" In re Murray (1990),52 Ohio St.3d 155, 556 N.E.2d 1169, at syllabus.
 [I]n order to constitute a final appealable order in dependency cases, a dependency finding (adjudication) must be accompanied by an order of disposition. Absent a dispositional order, an adjudication is premature and is not generally reviewable on appeal.
 In re Nibert, 4th Dist. No. 04CA15, 2005-Ohio-2797, at fn 2. See also In re Elliott, 4th Dist. No. 03CA65, 03CA66, 2004-Ohio-2770.[1] Courts of appeals are required to sua sponte dismiss appeals not taken from final appealable orders. Murray, supra at 159 (citing Whitaker-Merrell v. Guepel Co. (1972),29 Ohio St.2d 184, 186, 280 N.E.2d 922).
 {¶ 5} In this case, the appeals in case numbers 13-06-41 and 13-06-42 from the entry of adjudication were taken prior to the consolidated dispositional hearing. Thus, the orders are not final appealable orders and the filing of the appeals was premature. Without a final appealable order, this court lacks jurisdiction to consider the merits of the appeal and must dismiss the appeal. For this reason, appeals numbered 13-06-41 and 13-06-42 are dismissed. *Page 6 
 {¶ 6} The remaining appeals were taken from the consolidated dispositional hearing. However, the consolidated dispositional hearing was held after the notices of appeal were filed and while the appeals were pending. The Ohio Supreme Court has addressed this issue.
 An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. State ex rel. Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, 97. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from. Id.; Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. The adjudication of a child during the pendency of an appeal interferes and is inconsistent with the jurisdiction of the appellate court. Therefore, we hold that a juvenile court lacks jurisdiction to proceed with an adjudication of a child after a notice of appeal has been filed from an order of that court.
 Furthermore, the determination as to the appropriateness of an appeal lies solely with the appellate court. A juvenile judge has no authority to determine the validity or merit of an appeal. In re Terrance P. (1997), 124 Ohio App.3d 487, 489 (`the trial court does not have any jurisdiction to consider whether the person has validly invoked the jurisdiction of the appellate court').
In re S.J. 106 Ohio St.3d 11, 2005-Ohio-3215 at ¶ 9-10, 829 N.E.2d 1207. In this case, the Supreme Court stated that once a notice of appeal is filed, the trial court loses any jurisdiction to proceed in any way that would interfere with the appellate court's jurisdiction to review an order, even if the trial court believed that the notice of appeal was improperly filed. Id. at ¶ 11. This has been *Page 7 
interpreted as allowing the trial court to only retain jurisdiction over collateral issues, such as contempt of court. State ex rel. SpecialProsecutors, supra at 97. "[W]hile the trial court does retain some jurisdiction in a case after a notice of appeal has been filed, the trial court does not have any jurisdiction to consider whether the person has validly invoked the jurisdiction of the appellate court."In re Terrance P. (1997), 124 Ohio App.3d 487, 489, 706 N.E.2d 801.
 An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate.
App.R. 3(A). See also Transamerica Ins. Co. v. Nolan (1995),72 Ohio St.3d 320, 649 N.E.2d 1229.
The dispositional hearing is the required proceeding following an adjudication similar to sentencing following a conviction in criminal cases. The notice of appeal divests the juvenile court of authority to proceed with the disposition while the appeal is pending. In reJ.B., 9th Dist. No. 23307, 2007-Ohio-246 at ¶ 12. Since the appeals were pending at the time of the consolidated dispositional hearing, the trial court erred by proceeding as if the matter was still on the active docket and any orders entered stemming from the consolidated dispositional hearing are void ab initio. Id. at ¶ 13. *Page 8 
Although this court lacked jurisdiction to consider the merits of the original appeal, its jurisdiction to determine whether a proper appeal was filed is invoked, regardless of the propriety of the appeal, upon the filing of the notice of appeal, which transfers the jurisdiction to the appellate court. Jurisdiction can be returned to the trial court only through an order of the appellate court remanding the matter to the trial court. Howard v. Catholic Social Serv. Of Cuyahoga Cty., Inc.
(1994), 70 Ohio St.3d 141, 637 N.E.2d 890. To hold otherwise would be to place a trial court in the untenable position of having to determine whether the jurisdiction of the appellate court was properly invoked every time an appeal is filed in order to determine whether it may proceed in a case. This outcome has been specifically prohibited by the Ohio Supreme Court. In re S.J., supra. Further confusion would follow if the trial court determined that an appeal was not proper and the appellate court then ruled to the contrary. Thus, the trial court's jurisdiction must terminate upon the filing of the notice of appeal until after the appellate court has returned jurisdiction to that court. By requiring the trial court to wait until the appeal is terminated, the trial court is given clear guidance as to its jurisdiction while an appeal is pending and need not predict the appellate court's decision.
While this court herein dismisses the initial appeals for lack of jurisdiction over the merits of the appeal, this court does not have the authority to *Page 9 
retroactively grant jurisdiction to the trial court to recognize the consolidated dispositional hearing held prior to the termination of the first two appeals. Although this court can understand any frustration the trial court may have with being required to hold a new hearing when the outcome is likely to be the same, this result is unavoidable since the trial court had no jurisdiction to hold the hearing when it did. The time for the dispositional hearings was tolled and the hearings could not properly be held until after the initial appeals were terminated. Since the trial court's dispositional orders were void ab initio due to the trial court's lack of jurisdiction, there have been no valid dispositional hearings. Without valid disposition hearings, there exist no final appealable orders for this court to consider. Without final appealable orders, this court lacks jurisdiction to consider the second set of appeals and must dismiss the appeals. For this reason, appellate cases numbered 13-06-51 and 13-06-52 must be dismissed as well.
 {¶ 7} The appeals of Miller are dismissed. Jurisdiction is remanded to the trial court for further proceedings.
Appeals dismissed.
SHAW and PRESTON, JJ., concur.
[1] This court makes no judgment as to whether an appeal from a probable cause hearing would be a special proceeding from which an appeal may be taken. *Page 1