[Cite as *Wells v. Park*, 2016-Ohio-5598.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DARREN R. WELLS

    Appellant

    v.

CARRIE PARK (fka WELLS)

    Appellee

C.A. No.     27960

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2007-01-0035

DECISION AND JOURNAL ENTRY

Dated: August 31, 2016

SCHAFER, Judge.

**{¶1}** Plaintiff-Appellant, Darren R. Wells, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, ordering him to pay Defendant-Appellee, Carrie T. Wells, a child support arrearage in the amount of $293,070.05. For the reasons set forth below, we reverse and remand.

I.

**{¶2}** This is the third appeal taken involving the parties' divorce. In a prior appeal, *Wells v. Wells*, 9th Dist. Summit No. 27097, 2014-Ohio-5646 ("*Wells II*"), this Court set forth the basic underlying factual and procedural history as follows:

> [Mr. Wells] and [Mrs. Wells] filed complaints for divorce against one another in 2007. Although both parties moved for temporary orders, they withdrew those motions and entered into an agreed entry wherein each was designated residential parent and legal custodian of the parties' two sons (d.o.b. 2/21/1996 and 5/27/1999), and [Mr. Wells] was granted specific parenting time. The parties further agreed that [Mr. Wells] would pay [Mrs. Wells] $10,000.00 per month for [Mrs. Wells] "to pay her various expenses." The agreed judgment entry contained no order specific to child support. After some disputes arose, the

parties were able to come to another agreement wherein [Mr. Wells] would make a lump sum payment of $40,000.00 to [Mrs. Wells], while the trial court would retain jurisdiction over that payment and later determine "whether it shall be treated as property, fees or spousal support." Accordingly, the parties agreed that that sum would not be considered as child support. In April 2008, the domestic relations court issued an agreed judgment entry evidencing a shared parenting plan. With regard to the issue of child support, the agreed shared parenting plan stated merely that "child support shall be pursuant to agreement or c[our]t order[.]"

The matter proceeded to trial on the parties' divorce on December 23, 2008. On May 4, 2009, the domestic relations court issued a purported judgment entry of divorce which left issues of property division and child support unresolved. After the parties appealed, this Court by journal entry dismissed the appeal for lack of a final, appealable order because the matter was not yet fully resolved. *Wells v.* Wells, 9th Dist. Summit No. 24784 (July 7, 2009).

Before the trial court could resolve the above outstanding issues and issue a final decree of divorce, the parties engaged in disputes relating to matters addressed in the May 4, 2009 entry, as well as child custody issues previously resolved in an April 10, 2008 agreed shared parenting plan. The domestic relations court held a hearing on April 20, 2010, to address all pending issues. On July 28, 2010, the court issued a judgment entry, dividing the parties' property, ordering spousal support, incorporating the parties' agreed shared parenting plan, and ordering child support. Both parties appealed that judgment. *Wells v. Wells*, 9th Dist. Summit No. 25557, 2012–Ohio–1392 [("*Wells I*")].

This Court affirmed the domestic relations court's judgment as it related to matters involving discovery, determination of the marriage termination date, the division of property, spousal support, and parenting issues. We reversed, however, as to the trial court's determination of child support, concluding that the court failed to apply the proper standard where the parents' combined income was above $150,000. *Id.* at ¶ 42–48. This Court remanded the matter to the domestic relations court for a redetermination of child support after proper consideration of the needs and standards of living of the parties and the children.

[Mrs. Wells] subsequently filed a post-decree motion for determination of child support in consideration of this Court's directives. The trial court held a hearing to redetermine the issue of child support upon consideration of the needs and standard of living of the parties and children had the marriage continued. In its judgment entry, the domestic relations court established child support for two distinct periods of time, ordering [Mr. Wells] to pay: (1) $6000.00 per month from February 1, 2007 (the previous effective start date for child support), until July 1, 2012 (the end date for spousal support), and (2) $13,000.00 per month from July 1, 2012, forward.

*Id.* at ¶ 2-6. Mr. Wells subsequently appealed the trial court's child support order, raising

multiple assignments of error. On December 23, 2014, this Court issued a decision reversing the

trial court's child support order in part, concluding that the trial court's calculation of the child support arrearage amount was against the weight of the evidence. *Id*. at ¶ 38. We then remanded the matter to the trial court "for clarification and recalculation, if necessary, of the amount of [Mr. Wells'] child support arrearage for the period from February 1, 2007, until July 1, 2012." *Id*. at ¶ 41. This Court overruled Mr. Wells' remaining assignments of error. *Id*.

{¶3} On February 5, 2015, Mr. Wells appealed this Court's December 23, 2014 decision to the Supreme Court of Ohio. On June 16, 2015, while Mr. Wells' appeal was still pending before the Supreme Court, Mrs. Wells filed the following two motions with the trial court: (1) Motion to Determine Child Support Arrearage Consistent with the Remand Order from the Court of Appeals' Decision Dated December 23, 2014; and (2) Motion to Determine Payment of All Child Support Arrearage. On the same day that Mrs. Wells filed her motions, the trial court issued a judgment entry finding that the child support arrearage owed for the period of February 1, 2007 to July 1, 2012 (65 months) amounts to $293,070.05. The trial court ordered Mr. Wells to pay said arrearage either in eight quarterly payments of $36,633.75 or in one lump sum payment. The Supreme Court subsequently declined jurisdiction over Mr. Wells' appeal on July 22, 2015. *See Wells v. Wells*, 143 Ohio St.3d 1418, 2015-Ohio-2911.

{¶4} Mr. Wells filed this timely appeal and raises four assignments of error for our review.

II.

**Assignment of Error I**

**The trial court erred and abused its discretion by issuing the June 16, 2015 Judgment Entry after [Mr. Wells] had appealed to the Ohio Supreme Court, which divested the trial court of jurisdiction to issue further orders.**

{¶5} In his first assignment of error, Mr. Wells argues that the trial court erred by issuing its June 16, 2015 judgment entry in response to Mrs. Wells' motions. Specifically, Mr. Wells contends that because he appealed this Court's decision to the Supreme Court of Ohio, the trial court was divested of jurisdiction and had no authority to rule on Mrs. Wells' motions. We agree.

{¶6} On June 16, 2015, following this Court's remand in *Wells II* and Mr. Wells' filing of his notice of appeal, Mrs. Wells filed her motions to determine child support arrearage. The trial court ruled on Mrs. Wells' motions that very same day, without affording Mr. Wells with an opportunity to respond, and ordered Mr. Wells to pay the child support arrearage totaling $293,070.05. The Supreme Court declined jurisdiction over Mr. Wells' appeal on July 22, 2015, five weeks after the trial court issued its judgment entry. Mr. Wells argues on appeal that the trial court did not have jurisdiction to rule on Mrs. Wells' motions once he filed his notice of appeal.

{¶7} The Supreme Court of Ohio has held that "[a]n appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 8 (holding that the trial court did not have jurisdiction to resentence a defendant on remand once the State filed its notice of appeal), quoting *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). Thus, because Mr. Wells filed his notice of appeal on February 5, 2015, the trial court in this matter did not have jurisdiction to rule on Mrs. Wells' subsequent motions to determine child support arrearage and it was error for it to do so. As such,

we vacate the trial court's June 16, 2015 judgment entry and remand this matter for further proceedings consistent with this opinion.

{¶8} Mr. Wells' first assignment of error is sustained.

### Assignment of Error II

**The trial court erred and abused its discretion by issuing the June 16, 2015 judgment entry on an ex parte basis.**

### Assignment of Error III

**The trial court erred and abused its discretion by failing to follow the Local Rules of Court and its own judgment entry staying proceedings.**

### Assignment of Error IV

**The trial court erred and abused its discretion by failing to follow the December 24, 2014 remand of the Court of Appeals and failing to hold a hearing or receive any new evidence to make a proper determination as to child support arrearages.**

{¶9} In his second, third, and fourth assignments of error, Mr. Wells raises several procedural challenges to the trial court proceedings following this Court's remand in *Wells II*. Due to our resolution of Mr. Wells' first assignment of error, however, these assignments are moot and we decline to address them. App.R. 12(A)(1)(c).

### III.

{¶10} Mr. Wells' first assignment of error is sustained, rendering his remaining assignments of error moot. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is vacated. This matter is remanded for further proceedings consistent with this opinion.

Judgment vacated
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

JOSEPH G. STAFFORD and CAROLYN C. SOEDER, Attorneys at Law, for Appellant.

RICHARD A. RABB, Attorney at Law, for Appellee.