[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 375.]

THE STATE EX REL. SHARIF, APPELLANT, *v.* CUYAHOGA COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. Sharif v. Cuyahoga Cty. Court of Common Pleas*, 1999-Ohio-392.]

*Mandamus to compel common pleas court to rule on relator's motions in a criminal case—Complaint dismissed, when.*

(No. 98-2281—Submitted February 23, 1999—Decided April 28, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 74626.

———————————

{¶ 1} Appellant, Abdul K. Sharif, was convicted of murder and an accompanying firearm specification, and was sentenced to prison. On appeal, the court of appeals affirmed his conviction. *State v. Sharif* (Mar. 7, 1991), Cuyahoga App. No. 58041, unreported, 1991 WL 30260.

{¶ 2} In December 1997, Sharif filed a postconviction "motion for exoneration and dismissal of charges and discharge" in his criminal case in the Cuyahoga County Court of Common Pleas, appellee. In January 1998, Sharif filed a Civ.R. 56 motion for summary judgment in the common pleas court. The common pleas court promptly overruled Sharif's motions in December 1997 and February 1998 and directed the clerk to send Sharif copies of the entries overruling the motions.

{¶ 3} In June 1998, Sharif filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel the common pleas court to rule on his motions, to enter a default judgment in his favor, and to issue findings of fact and conclusions of law. The common pleas court moved to dismiss Sharif's complaint and attached copies of its journal entries overruling Sharif's motions.

The court of appeals granted the common pleas court's motion and dismissed Sharif's mandamus action.

{¶ 4} This cause is now before the court upon an appeal as of right.

———————————

*Abdul K. Sharif, pro se*.

*William Mason*, Cuyahoga County Prosecuting Attorney, and *Randi Marie Ostry*, Assistant Prosecuting Attorney, for appellee.

———————————

***Per Curiam.***

{¶ 5} For the following reasons, the court of appeals properly granted the common pleas court's motion and dismissed the case.

{¶ 6} Initially, as the court of appeals held, a writ of mandamus will not issue to compel an act already performed. *State ex rel. Eads v. Callahan* (1998), 82 Ohio St.3d 405, 406, 696 N.E.2d 581, 582; *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 278, 279, 658 N.E.2d 723, 724. Therefore, Sharif was not entitled to a writ of mandamus to compel the common pleas court to rule on his two motions because the common pleas court had already overruled those motions at the time Sharif filed his complaint for a writ of mandamus.

{¶ 7} In addition, the common pleas court had no duty to issue findings of fact and conclusions of law on Sharif's motions, which did not require the trial of questions of fact. See Civ.R. 52 ("Findings of fact and conclusions of law required by this rule * * * are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56"); see, generally, *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 377-378, 632 N.E.2d 889, 893-894; see, also, *Ogle v. Kelly* (1993), 90 Ohio App.3d 392, 395, 629 N.E.2d 495, 497, and *Boieru v. State Emp. Relations Bd.* (1988), 54 Ohio App.3d 23, 25, 560 N.E.2d 801, 804-805,

holding that findings of fact and conclusions of law are unnecessary in Civ.R. 56 summary judgment determinations.

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____