JOURNAL ENTRY AND OPINION.
{¶ 1} Relator, Willie Hightower is the defendant in State v.Hightower, Cuyahoga County Court of Common Pleas Case No. CR-004097. Hightower was convicted of murder, abduction and rape. This court affirmed that judgment in State v. Hightower (Oct. 14, 1976), Cuyahoga App. No. 35160.
 {¶ 2} In Case No. CR-004097, Hightower filed motions for production of evidentiary documents (in the possession of the State) and for DNA test on June 20, 2002. Respondent, Judge Nancy Margaret Russo, denied these motions by entry received for filing on August 7, 2002. Hightower also filed a motion for findings of fact and conclusions of law on August 21, 2002. Respondent judge denied that motion by entry received for filing on August 28, 2002.
 {¶ 3} In this action, Hightower requests that this court grant relief in mandamus to compel:
1. respondent judge to issue findings of fact and conclusions of law with respect to his motions for production of evidentiary documents and for DNA test;
2. the other respondents (the prosecuting attorney and an assistant prosecuting attorney) to "provide the Relator for his inspection and possible copying thereof, copies of all the documents and production of all tangible items in the possession of the prosecution; that are discoverable under R.C. 149.43 and U.S. Const. Amend. 14; R.C. 2731.06." Complaint, page 2; and
3. respondent judge "to Order that the prosecuting attorney provide the relator, for the relators inspection and copying all documents relating to his criminal trial, that are allowable under R.C. 149.43 and U.S. Const,. Amend. 14." Complaint, page 6 (capitalization and spelling in original).
 {¶ 4} In this action, respondents have filed a motion to dismiss. Hightower has not responded to that motion. For the reasons stated below, we grant the motion to dismiss.
 {¶ 5} Initially, we note that Hightower's complaint in this action concludes with his "AFFIDAVIT OF VERITY" in which he "states that he has not filed any civil actions in the last 5 years. R.C. 2969.25(A) * * * [and] * * * that all the statements and facts in this Petition for Mandamus are true and correct to the best of my knowledge and beliefs." Complaint, page 10. The "Affidavit of Verity" is not, however, notarized.
"The affidavit, therefore, fails to comply with the formal requirementsof an affidavit. See R.C. 2319.01 through 2319.04. See, e.g., State v.Trembly, 137 Ohio App.3d 134, 738 N.E.2d 93 (2000), reopening disallowed(Oct. 20, 2000), Motion No. 16908, at 2-3. The relator also failed tofile a certified statement by his prison cashier setting forth thebalance in his private account for each of the preceding six months.R.C. 2969.25(C); State ex rel. Hunter v. Cuyahoga Cty. Court of CommonPleas (2000), 88 Ohio St.3d 176, 724 N.E.2d 420. Accordingly, we denyrelator's claim of indigency and order him to pay costs."
State ex rel. Bristow v. The Plain Dealer (Dec. 6, 2001), Cuyahoga App. No. 80462, at 4.
 {¶ 6} Likewise, we must also deny Hightower's claim of indigency and order him to pay costs. Additionally, Hightower's failure to support his complaint with an affidavit as required by R.C. 2969.25 as well as "Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim" provides a basis for dismissing this action. Bristow, supra, at 3.
 {¶ 7} We also hold that Hightower has failed to state a claim upon which relief can be granted.
 {¶ 8} Hightower requests that this court compel respondent judge to issue findings of fact and conclusions of law with respect to his motions for production of evidentiary documents and for DNA test. "[T]he common pleas court had no duty to issue findings of fact and conclusions of law on [relator's] motions, which did not require the trial of questions of fact. See Civ.R. 52 * * *." State ex rel. Sharif v. CuyahogaCty. Court of Common Pleas, 85 Ohio St.3d 375, 376, 1999-Ohio-392,708 N.E.2d 718 (additional citations deleted). Hightower has not demonstrated that respondent judge had a clear legal duty to issue findings of fact and conclusions of law. Relief in mandamus would not, therefore, be appropriate.
 {¶ 9} Hightower also requests that this court compel respondents, the prosecuting attorney and an assistant prosecuting attorney, to provide for his inspection and possible copying, copies of all the documents and tangible items in the possession of the prosecution. (Respondents did not address this issue in their motion to dismiss.) Hightower contends that he is entitled to this relief in mandamus because these items are public records under R.C. 149.43. R.C. 149.43(B)(4) provides:
"A public office or person responsible for public records is notrequired to permit a person who is incarcerated pursuant to a criminalconviction or a juvenile adjudication to inspect or to obtain a copy ofany public record concerning a criminal investigation or prosecution orconcerning what would be a criminal investigation or prosecution if thesubject of the investigation or prosecution were an adult, unless therequest to inspect or to obtain a copy of the record is for the purposeof acquiring information that is subject to release as a public recordunder this section and the judge who imposed the sentence or made theadjudication with respect to the person, or the judge's successor inoffice, finds that the information sought in the public record isnecessary to support what appears to be a justiciable claim of theperson."
 {¶ 10} Hightower has not demonstrated compliance with the requirement of R.C. 149.43(B)(4) that he secure a determination of the court of common pleas that the information is necessary. We need not, therefore, address the question whether the records at issue are public records. As a consequence, we dismiss Hightower's claim for public records sua sponte.
 {¶ 11} We also hold that Hightower is not entitled to relief in mandamus with respect to his request that this court compel respondent judge to order the prosecuting attorney to provide Hightower all public records relating to his criminal trial. In State ex rel. Hairston v.Tubbs Jones (July 9, 1998), Cuyahoga App. No. 74526, the relator sought relief in mandamus to compel the then-prosecuting attorney "`to render discovery package'" in a criminal case.
 {¶ 12} "The relator, however, has failed to allege with sufficient particularity any legal duty that is possessed by the respondent. Absent the enumeration of a legal duty as possessed by the respondent, the relator's complaint for a writ of mandamus fails to state a claim upon which relief may be granted. State ex rel. Crawford v. State of Ohio
(Mar. 7, 1994), Cuyahoga App. No. 66660, unreported."
 {¶ 13} Hairston, supra, at 2. Similarly, in this action, Hightower has not provided this court with any controlling authority requiring that respondent judge compel the prosecuting attorney to make records available to Hightower.
 {¶ 14} Accordingly, respondents' motion to dismiss is granted and Hightower's complaint is dismissed in its entirety. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
ANNE L. KILBANE, J., and JAMES J. SWEENEY, J., concur.