JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Samuel L. Buoscio, requests that this court issue a "writ of mandamus, writ of prosequendum" compelling respondent judge to dispose of and issue findings of fact and conclusions of law with respect to the motion for relief from judgment or order pursuant to Civ.R. 60(B) filed by Buoscio in Buoscio v. Gill, Cuyahoga County Court of Common Pleas Case No. CV-405624 on December 6, 2004.
 {¶ 2} Respondent judge has filed a motion for summary judgment attached to which is a copy of a journal entry issued by respondent and received for filing by the clerk on June 23, 2005 in which respondent denied Buoscio's motion for relief from judgment or order pursuant to Civ.R. 60(B) . Buoscio has not opposed respondent's motion for summary judgment. Respondent argues that this action in mandamus is, therefore, moot. We agree.
 {¶ 3} Respondent correctly argues that he has discharged his duty by disposing of the motion for relief from judgment or order pursuant to Civ.R. 60(B). Additionally, Buoscio requests that this court compel respondent to issue findings of fact and conclusions of law with respect to his motion. "[T]he common pleas court had no duty to issue findings of fact and conclusions of law on [relator's] motions, which did not require the trial of questions of fact. See Civ.R. 52 * * *."[1] Buoscio has not demonstrated that respondent judge had a clear legal duty to issue findings of fact and conclusions of law. Relief in mandamus would not, therefore, be appropriate.
 {¶ 4} The complaint also manifests various defects. R.C. 2969.25(A) requires that an inmate who commences a civil action must file an affidavit describing each civil action or civil appeal filed within the previous five years. Although Buoscio did file an "affidavit mandated by R.C. § 2969.25," he
"* * * did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.' State ex rel. Hunter v. Cuyahoga Cty. Courtof Common Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420."[2]
Likewise, in this action, we deny relator's claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C.2969.25 warrants dismissal of the complaint for a writ of mandamus.[3]
 {¶ 5} Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim.[4] In the "Affidavit of Verity" accompanying the complaint, Buoscio avers "that the statements made and set forth here with in the attached memorandum in support are all true and all correct statements * * * to the best of my knowledge belief and recollection." Buoscio's averment does not specify the facts and is not sufficient to satisfy the requirement of Loc.App.R. 45(B)(1)(a) that the affidavit supporting the complaint specify the details of the claim. "The absence of facts specifying the details of the claim required by Loc.App.R. 45(B)(1)(a) is a ground for dismissal."[5]
 {¶ 6} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
Dyke, J., concurs
 Calabrese, Jr., J., concurs
[1] State ex rel. Sharif v. Cuyahoga Cty. Court of Common Pleas,85 Ohio St.3d 375, 376, 1999-Ohio-392, 708 N.E.2d 718 (additional citations deleted).
[2] State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4.
[3] State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594 and State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285, 685 N.E.2d 1242." State ex rel. Hite v. State,
Cuyahoga App. No. 79734, 2002-Ohio-807, at 6.
[4] State ex rel. Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.
[5] State ex rel. Sansom v. Wilkinson, Cuyahoga App. No. 80743, 2002 Ohio 1385, at 7.