JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Nathan Ford has filed a complaint for a writ of mandamus, through which he seeks an order which requires Judge Eileen A. Gallagher to render a ruling with regard to a petition for postconviction relief as filed in State v. Ford, Cuyahoga County Court of Common Pleas Case Nos. CR-464709 and CR-469583. Judge Gallagher has filed a motion for summary judgment, which we grant for the following reasons.
 {¶ 2} Initially, we find that Ford has failed to comply with Loc. App. R. 45(B)(1)(a), which mandates that the complaint for a writ of mandamus be supported by a sworn affidavit that specifies the details of his claim. The failure of Ford to comply with the supporting affidavit requirement of Loc. App. R. 45(B)(1(a) requires the dismissal of his complaint for a writ of mandamus. State ex rel. Smith v. McMonagle (Jul. 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 3} In addition, we find that Ford has failed to establish that he is entitled to a writ of mandamus. In order for this court to issue a writ of mandamus, Ford must establish that (1) he possesses a clear right to a ruling with regard to a pending petition for post-conviction relief; (2) Judge Gallagher possesses a clear legal duty to render a ruling with regard to a pending petition for post-conviction relief; and (3) there exists no other adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41,374 N.E.2d 641; State ex rel. National City Bank v. Bd. of Edn. (1977),52 Ohio St.2d 81, 369 N.E.2d 1200. Moreover, mandamus is an extraordinary remedy which is to be exercised with great caution and only when the right is clear. Mandamus will not issue in doubtful cases. *Page 4 
 State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d1; State ex rel. Connole v. Cleveland Bd. Of Edn. (1993),87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 4} In the case sub judice, Ford has failed to demonstrate that he possesses any legal right or that Judge Gallagher possesses any legal duty vis-a-vis a petition for post-conviction relief. In fact, a review of the docket, as maintained with regard to Cuyahoga County Court of Common Pleas Case Nos. CR-464709 and CR-469583, fails to disclose the existence of any pending petition for post-conviction relief. To the contrary, the dockets in CR-464707 and CR-469583 demonstrate that on June 14, 2007, a "motion for appointment of counsel, filed pro se" was filed and that there exists no pending motion for post-conviction relief. In addition, attached to Judge Gallagher's motion for summary judgment are copies of journal entries, which clearly demonstrate that rulings have been rendered with regard to the motion for appointment of counsel. A writ of mandamus will not issue to compel an act already performed. State ex rel. Sharif v. Cuyahoga County Court of CommonPleas, 85 Ohio St.3d 375, 1999-Ohio-392, 708 N.E.2d 718; State ex rel.Jerninghan v. Cuyahoga County Court of Common Pleas, 74 Ohio St.3d 278,1996-Ohio-117, 658 N.E.2d 723.
 {¶ 5} Accordingly, we grant the motion for summary judgment as filed by Judge Gallagher. Costs to Ford. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B).
 Writ denied. *Page 5 
 CHRISTINE T. MCMONAGLE, J., and MELODY J. STEWART, J., CONCUR. *Page 1