[Cite as *State v. Bryson*, 2017-Ohio-830.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-CA-70 |
| MICHELLE BRYSON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
                             Municipal Court, Case No. 16TRC04246

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      March 6, 2017

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

TRICIA MOORE                          KEVIN J. GALL
ASSISTANT LAW DIRECTOR                BURKETT & SANDERSON, iNC.
40 West Main Street                   73 North 6th Street
Newark, OH 43055                      Newark, OH 43055

*Gwin, P.J.*

**{¶1}** Appellant Michelle Bryson ["Bryson"] appeals her convictions and sentences after a negotiated plea in the Licking County Municipal Court.

*Facts and Procedural History*

**{¶2}** Bryson was charged with one count of operating a vehicle while impaired in violation of R.C. 4511.19(A)(1)(a) ["Under the Influence"]; one count of violating R.C. 4511.19(A)(2) ["Refusal"]; driving without a valid license in violation of R.C. 4510.111; and Reckless Operation in violation of R.C. 4511.20.

**{¶3}** Bryson was arraigned on the charges on May 16, 2016. A pre-trial conference took place on May 31, 2016. Bryson received the state's response to her Crim.R. 16 request for discovery on June 2, 2016. Bryson received a copy of the trooper's dash-cam video of the traffic stop on June 28, 2016.

**{¶4}** On July 8, 2016, Bryson filed a Request for Leave to File an Untimely Motion to Suppress Evidence contemporaneously with a Motion to Suppress Evidence. On July 14, 2016, without a hearing the trial court denied Bryson's request for leave to file an untimely motion to suppress without explanation.

**{¶5}** On August 1, 2016, Bryson filed a written proffer in response to the trial court's denial of her request for leave to file an untimely motion to suppress. On August 12, 2016, Bryson entered pleas of no contest to all charges. The trial court granted Ms. Bryson's request for a stay of her sentence so that she could pursue this appeal.

*Assignments of Error*

**{¶6}** Bryson raises two assignments of error,

{¶7} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SUMMARILY DENYING THE DEFENDANT-APPELLANT'S REQUEST FOR LEAVE TO FILE AN UNTIMELY MOTION TO SUPPRESS EVIDENCE."

{¶8} "II. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."

I.

{¶9} In her first assignment of error, Bryson contends that the trial court abused its discretion in denying her request for leave to file an untimely motion to suppress.

{¶10} A failure to timely file a motion to suppress evidence amounts to a waiver of any such issues for purposes of trial pursuant to Crim.R. 12(D) and (H). *State v. Montgomery*, 5th Dist. Licking No. 2007 CA 95, 2008–Ohio–6077, ¶ 43, *citing State v. Wade* (1973), 53 Ohio St.2d 182, 373 N.E.2d 1244 (1978), *vacated and remanded on other grounds*, 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157(1978). The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court, and we will not reverse a trial court's decision regarding an untimely filed motion absent an abuse of discretion. *Montgomery*, *citing State v. Rush*, 5th Dist. Delaware No. 03CAC01002, 2003 WL 21694004 (July 22, 2003), ¶ 7.

An abuse of discretion involves far more than a difference in* * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of

judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

*State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264(1984), *quoting Spaulding v. Spaulding,* 355 Mich. 382, 384–385, 94 N.W.2d 810(1959).

{¶11} In *State v. Hahn,* this court observed,

Crim. R. 12(F) requires a court ruling on a pre-trial motion to state its essential findings on the record if, as in the case sub judice, factual issues are involved.

In order to invoke this provision, trial counsel must request the trial court to state its essential findings of fact on the record. *State v. Benner* (1988), 40 Ohio St.3d 301, 317, 533 N.E.2d 701, *abrogated in part on other grounds by Horton v. California* (1990), 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112.; *State v. Richey* (1992), 64 Ohio St.3d 353, 366, 595 N.E.2d 915, 927, *abrogated in part on other grounds by State v. McGuire* (1997), 80 Ohio St.3d 390, 402, 1997-Ohio-335, 686 N.E.2d 1112, 1122; *State v. Brown* (1992), 64 Ohio St.3d 476, 481, 597 N.E.2d 97, 101. ([The defendant's] failure to invoke the rule waived any error); *State v. Williams* (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364; *State v. Eley* (1996), 77 Ohio St.3d 174, 179, 672 N.E.2d 640, *superseded by constitutional amendment in part State v. Smith* (1997), 80 Ohio St.3d 89, 103 at n. 4, 684 N.E.2d 668, 684.

While it is error for the trial court to fail in providing requested findings of fact, it is not prejudicial where the record provides an appellate

court with a sufficient basis to review the assignments of error. *State v. Benner, supra,* at 317-318, 533 N.E.2d 701; *State v. Loza* (1994), 71 Ohio St.3d 61, 73, 641 N.E.2d 1082, 1098. ["Upon an independent review of the record, we find the evidence supports the denial of appellant's motion to suppress."]; *State v. Alexander* (1997) 120 Ohio App.3d 164, 169, 697 N.E.2d 255, *appeal dismissed*, 80 Ohio St.3d 1408, 684 N.E.2d 702; *State v. Jarvis* (May 12, 2000), 6th Dist. No. L-99-1184; *State v. Gibson* (July 7, 1999), 9th Dist. No. 97CA006967.

5th Dist. Perry No. 05 CA 17, 2007-Ohio-557, ¶37-39. In the case at bar, the trial court did not state its essential findings in its judgment entry overruling Bryson's request for leave to file an untimely motion to suppress. In addition, Bryson did not request the trial court state its essential findings on the record. The question then becomes whether the record before this court demonstrates Bryson and her counsel knew of the circumstances under which the evidence was obtained in ample time to prepare and file a pretrial motion to suppress such evidence. *State v. Davis,* 1 Ohio St.2d 28, 203 N.E.2d 357(1964), para. one of the syllabus; *See, State v. Davis,* 12th Dist. Butler No. CA 97-12-240, 1998 WL 667677 (Sept. 28, 1998); *State v. Charlton,* 9th Dist. Lorain No. 93CA005584, 94 WL 592551 (Oct. 26, 1994); *State v. Gaddis*, 35 Ohio App.2d 15, 21-22, 299 N.E.2d 304(1st Dist. 1973).

{¶12} In her motion requesting leave to file a motion to suppress out of time, Bryson reasoned,

> That the investigating officer did not have the requisite reasonable suspicion that she had committed a traffic offense. Exhibit B. Definitive

proof in support of this claim was not discovered until the dashboard camera was provided to trial counsel on June 28, 2016.  At this date, more than thirty-five days had already elapsed since Ms. Bryson's arraignment.

**{¶13}**  Accordingly, Bryson argued that the videotape failed to show that she was driving erratically and therefore no probable cause existed for the stop, and that the state had not provided the dash-cam video until after the deadline for filing a motion to suppress.

**{¶14}**  In the case at bar, the trial court had continued the scheduled trial date by Judgment Entry filed June 27, 2016.  No new trial date had been set.  Bryson requested leave to file her motion to suppress ten days after the state provided her with the video evidence.

**{¶15}**  A trial court abuses its discretion by denying a pretrial motion to suppress in an OVI case as "untimely filed" where the motion to suppress was promptly filed after the state provided discovery and the request for leave articulate the reason for the late filing.  *See, State v. Jones,* 8th Dist. Cuyahoga No. 93114, 2010-Ohio-2777; *State v. Wisniewski,* 8th Dist. Cuyahoga No. 74980, 1994 WL 980596(Oct. 28, 1999); *State v. Sargent,* 2nd Dist. Clark No. 3042, 1994 WL 450079(Aug. 17, 1994); *Columbus v. Ridley,* 10th Dist. Franklin No. 15AP-84, 2015-Ohio-4968, 38(Brunner, J., concurring, in part, dissenting in part).

**{¶16}**  In the case at bar, there was no compelling reason to proceed with haste as no trial date had been scheduled, the issue involved could be dispositive of the case and the state provided the discovery upon which the motion is based after the deadline. The state has not articulated any prejudice from the filing of the motion outside the thirty-

five day time frame. Crim R. 12(D) permits a trial court "in the interest of justice" to extend the time for making pretrial motions. Discovery of the grounds for the suppression motion after the thirty-five day period would support the conclusion that extending time would be in the interest of justice.

{¶17} Accordingly, we hold that it was an abuse of discretion for the trial court to overrule Bryson's motion for leave to file a motion to suppress.

{¶18} Bryson's first assignment of error is sustained.

## II.

{¶19} In her second assignment of error, Bryson argues that counsel was ineffective in failing to timely file a motion to suppress.

{¶20} In light of our disposition of Bryson's first assignment of error, we find this assignment of error to be moot and we therefore do not address it. See, App.R. 12(A)(1)(c).

{¶21} Bryson's first assignment of error is sustained. Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, give an appellate court the power to affirm, reverse, or modify the judgment of an inferior court. Accordingly, the judgment of the Licking County Municipal Court denying Bryson leave to file an untimely motion to suppress is reversed, the conviction and sentence is vacated and this case is remanded for proceedings in accordance with our opinion and the law.

By Gwin, P.J., and

Baldwin, J., concur;

Hoffman, J., concurs

separately

*Hoffman, J., concurring*

**{¶22}** I concur in the majority's decision the trial court abused its discretion in overruling Bryson's motion for leave to file a motion to suppress.[1]

**{¶23}** I write separately only to note I find the majority's discussion regarding Crim.R. 12(F) unnecessary in this case. Because a ruling on a motion for leave to file an (untimely) motion to suppress does not involve determining disputed factual issues, I find the trial court was not required to issue findings of fact whether requested by Appellant or not.

---

[1] I also concur in the majority's conclusion Appellant's second assignment of error is rendered moot as a result.