[Cite as *State v. Medley*, 2025-Ohio-1754.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. Andrew J. King, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.   25 CAC 010007 |
| SHONDA MEDLEY | : |          25 CAC 010008 |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Appeal from the Delaware Municipal Court,
                             Case Nos. 24CRB01028 and 24TRC08833

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 14, 2025


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

TYLER SANDERS                         WILLIAM T. CRAMER
Assistant Prosecutor                  1554 Polaris Parkway, Ste. 325
70 North Union Street                 Columbus, OH 43240
Delaware, OH 43015

*Popham, J.,*

**{¶1}** Appellant Shonda Medley appeals the decision of the Delaware Municipal Court denying her motion for leave to file an untimely motion to suppress. Appellee is the State of Ohio.

*Facts & Procedural History*

**{¶2}** On October 13, 2024, a trooper on routine patrol observed appellant driving on I-71. The trooper saw appellant's vehicle following another vehicle too closely with less than one car length between the two vehicles, and initiated a traffic stop.

**{¶3}** When the trooper approached appellant's vehicle, he immediately noticed an odor of alcohol coming from appellant. He additionally noted that appellant's speech was slurred, her eyes were bloodshot and glassy, and her hands were shaking. Appellant told the trooper the driver of the car in front of her slammed on their brakes. Appellant's two children were in the car with her.

**{¶4}** Appellant agreed to step out of her vehicle for field sobriety tests. The trooper determined appellant: exhibited four out of six clues on the horizontal gaze nystagmus test, exhibited five out of eight clues on the walk-and-turn test, and exhibited two out of four clues on the one-leg stand test. Appellant informed the trooper she had taken suboxone around noon that day, and had a "sip" of alcohol earlier that evening. There was a liquid inside the vehicle that had a strong odor of alcohol coming from it. Appellant admitted it was vodka, but stated she forgot it was in the vehicle. Appellant submitted to a breath alcohol test, which registered 0.086.

**{¶5}** Appellant was charged with: (1) child endangering while operating a vehicle under the influence in violation of R.C. 2919.22(C)(1), a first-degree misdemeanor (Case

No. 24CRB01028); (2) a first-offense impaired OVI in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree (Case No. 24TRC08833); (3) following too closely in violation of R.C. 4511.34, a minor misdemeanor (Case No. 24TRC008833); and (4) a first-offense per se OVI in violation of R.C. 4511.19(A)(1)(d), a misdemeanor of the first degree (Case No. 24TRC08834). Upon a motion by appellee, the cases were joined by the trial court via judgment entry on October 21, 2024.

{¶6} Appellant was arraigned on October 18, 2024, and entered pleas of not guilty. The trial court set a trial date of November 19, 2024. Appellant's counsel filed for discovery on October 22, 2024. Appellee provided counsel for appellant discovery on October 24, 2024, including the dash cam video from the trooper's cruiser.

{¶7} On November 14, 2024, the day of the final pretrial, appellant filed a motion to continue both the final pretrial and the trial set for November 19, 2024, due to counsel for appellant having another trial. The trial court granted the motion, and continued the final pretrial to December 12, 2024, and the trial to December 17, 2024.

{¶8} On December 12, 2024, the day of the rescheduled final pretrial, counsel for appellant filed a second motion to continue, stating, "Defendant will seek leave to file MTS." The trial court agreed to continue the final pretrial and trial, but ordered counsel for appellant to file the motion to suppress and motion for leave to file the motion "ASAP," and stated, "court will rule on leave then." The court reset the jury trial for January 21, 2025.

{¶9} Counsel for appellant filed the proposed motion to suppress and motion for leave to file untimely motion to suppress on December 20, 2024. In the motion for leave to file a motion to suppress out of rule, appellant stated: (1) counsel for appellant was

unable to meet with appellant until December 12, 2024 "due to a trial during the first pretrial"; and (2) the motion should be granted due to the State's providing *Brady* material "in another matter with the same trooper" to counsel on December 4, 2024. The trial court denied the motion for leave to file an untimely motion to suppress on December 23, 2024, finding there was "no good cause for delay."

{¶10} Appellant appeared for a change of plea hearing on January 16, 2025. Appellant changed her not guilty pleas to no contest pleas to the endangering children charge (Case No. 24CRB01028) and the impaired OVI charge (Case No. 24TRC08833). In exchange for appellant's no contest pleas, the State dismissed the remaining charges and recommended the minimum sentence. The court accepted the pleas and dismissed the remaining charges.

{¶11} The trial court sentenced appellant to: three days in jail, which was suspended upon condition of completion of the Driver Intervention Program within ninety days; one year of community control; an 18-month license suspension; total fines of $600; and completion of a drug/alcohol dependency evaluation within 90 days.

{¶12} Appellant appeals the judgment entry of the Delaware Municipal Court and assigns the following as error:

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION UNDER CRIM.R. 12(D) AND TRAF. RULE 11(C) BY DENYING A MOTION FOR LEAVE TO FILE AN UNTIMELY MOTION TO SUPPRESS WHERE EVIDENCE RELATING TO THE MOTION WAS NOT PROVIDED TO THE STATE UNTIL AFTER THE TIME TO FILE PRETRIAL MOTIONS HAD EXPIRED."

I.

{¶14} In appellant's sole assignment of error, appellant contends the trial court committed error when it denied her motion for leave to file an untimely motion to suppress.

{¶15} A motion to suppress is a pretrial motion according to Criminal Rule 12(C)(3). Criminal Rule 12(D) provides, "all pretrial motions except as provided in Crim. R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." The failure to timely file a pretrial motion to suppress constitutes a waiver of the issue under Criminal Rule 12(H). Pursuant to Criminal Rule 12(H), the only way to revive an untimely motion to suppress after waiver to is to establish "good cause" for the tardiness, i.e., a "convincing reason to warrant relief." Criminal Rule 12(H); *State v. Phillips*, 74 Ohio St.3d 72, 97 (1995); *State v. Bower*, 2010-Ohio-4420 (5th Dist.).

{¶16} The decision to grant or deny a motion for leave to file an untimely motion to suppress evidence pursuant to Criminal Rule 12(D) and (H) is a matter committed to the sound discretion of the trial court, and is subject to an abuse of discretion standard on appellate review. *Bower*, 2010-Ohio-4420 (5th Dist.). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} The trial court found appellant did not demonstrate "good cause" for tardiness and thus denied the motion. Appellant cited two reasons for her motion: (1) counsel being unable to meet with appellant because he was in trial during the first pretrial

scheduled for the case; and (2) *Brady* material being provided to counsel for appellant in another case.

{¶18} This Court has previously found that when discovery was provided to appellant in a timely fashion and the motion to suppress was based upon this timely-provided discovery, a trial court did not abuse its discretion in denying a motion for leave to file an untimely motion to suppress simply because a defendant and his trial counsel were unable to meet in a timely manner. *Bower*, 2010-Ohio-4420 (5th Dist.). In this case, counsel for appellant asserted he was in trial during the first pretrial set for the case and thus could not meet with his client. However, counsel had twenty-one days between the State's disclosure of the video and the first pretrial during which to meet with appellant, and subsequently did not file a motion to continue until the morning of the rescheduled final pretrial, which was an additional twenty-eight days after the first pretrial, and did not file the motion for leave to file the untimely motion to suppress until eight days after the motion to continue.

{¶19} Under *Brady v. Maryland*, 373 U.S. 83 (1963), the state violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment. *State v. Leray*, 2024-Ohio-2206 (5th Dist.). The rule announced in *Brady* applies to post-trial discovery of information that was known to the state but unknown to the defense. *Id.*

{¶20} As to appellant's argument on *Brady* material, we first note that appellant's motion for leave states the alleged *Brady* material was provided in a different case, not this case. Further, even after the disclosure of this material in the other case, trial counsel waited an additional sixteen days to file his motion for leave. Additionally, the proposed

motion to suppress is not based upon and does not provide any explanation of or cite to any *Brady* evidence or material. Rather, it is based solely on the dash cam video the State provided to appellant on October 24, 2024. Finally, the Supreme Court of the United States has clarified that *Brady* "arguably applies in three quite different situations," but "each involves the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *U.S. v. Agurs*, 427 U.S. 97, 103 (1976). The Supreme Court of Ohio and this Court have held there is no *Brady* issue when defense counsel is provided the evidence before trial. *State v. Ketterer*, 2010-Ohio-3831; *State v. Garn*, 2019-Ohio-1604 (5th Dist.). Here, there is no *Brady* violation because appellant could have presented the evidence at trial. However, appellant chose to plead no contest rather than pursue a trial where she could have presented the evidence and/or called the trooper as a witness.

{¶21} Appellant relies on this Court's opinion in *State v. Bryson*, 2017-Ohio-830 (5th Dist.), in which we found the trial court abused its discretion in denying leave to file an untimely motion to suppress. However, this case is distinguishable from *Bryson*. In *Bryson*, the dash cam video was not given to the appellant's trial counsel until after the date for pretrial motions had passed. *Id.* There was no trial date set, and the appellant filed the motion to suppress ten days after the State provided him with the dash cam video. *Id.* In this case, the State provided counsel for appellant the dash cam video on October 24, 2024. A trial date was set. The proposed motion to suppress is based exclusively on the dash cam video, as appellant argues the dash cam video shows appellant did not travel too close to the vehicle in front of her and the dash cam video demonstrates the HGN test was not in substantial compliance with NHTSA guidelines.

Unlike in *Bryson*, the record in this case demonstrates the evidence upon which appellant based her motion to suppress (the dash cam video) was provided to counsel for appellant before the first pretrial, and in ample time to prepare and file a timely pretrial motion to suppress.

{¶22} "Good cause" has been found in instances where the State's delays were unreasonable, where leave was denied after new counsel was obtained, where the suppression issue could not have been raised before the expiration of the deadline, and where a trial has not been scheduled. *State v. Warren*, 2025-Ohio-256 (7th Dist.); *State v. Pope*, 2023-Ohio-865 (6th Dist.); *State v. Rush*, 2003-Ohio-3915 (5th Dist.). In this case, the State did not delay in providing counsel for appellant with the video, appellant was represented by the same attorney throughout the proceedings, the motion to suppress appellant sought to file was based on the video counsel for appellant received within days of the arraignment, and a trial was scheduled. Accordingly, the trial court did not abuse its discretion in finding appellant did not demonstrate "good cause" for the tardiness of the motion.

{¶23} Under the facts of this case, the trial court did not abuse its discretion when it denied appellant's motion for leave to file an untimely motion to suppress. Appellant's assignment of error is overruled.

{¶24}   The judgment entry of the Delaware Municipal Court is affirmed.


By Popham, J.,

Hoffman, P.J., and

King, J., concur