[Cite as *State v. Jackson*, 2026-Ohio-177.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 00011 |
| Plaintiff – Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Massillion Municipal Court, Case Nos. 2023 TRC 4779 & 2023 CRB 1708 |
| COREY T. JACKSON | Judgment: Reversed and Remanded |
| Defendant – Appellant | Date of Judgment Entry:January 21, 2026 |

**BEFORE:** CRAIG R. BALDWIN, P.J., ROBERT G. MONTGOMERY, KEVIN W. POPHAM, J.; Appellate Judges

**APPEARANCES:** CHRISTOPHER S. PACE, for Plaintiff-Appellee; DAVID BELFIGLIO, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}   In this delayed appeal, Defendant-Appellant Corey Jackson ("Jackson") contends that the Massillon Municipal Court erred in denying his motion to suppress without holding an evidentiary hearing. For the reasons below, we agree.

**Facts and Procedural History**

{¶2}   Following a traffic stop on July 22, 2023, Jackson was charged with failure to drive in marked lanes, OVI, and possession of marijuana in two separately captioned cases arising from the same incident. On July 26, 2023, Jackson was arraigned and entered pleas of not guilty.

{¶3}    On August 22, 2023, the trial court issued pretrial orders noting that the results of Jackson's urine test remained outstanding. The cases were scheduled for a second pretrial conference on October 12, 2023.

{¶4}    On October 12, 2023, Jackson filed a motion for leave to submit an untimely motion to suppress, along with the proposed motion. As grounds for the delay, counsel cited the press of business, the receipt of the urine-test results only the previous day, and counsel's assessment that the dash-camera video did not reveal a traffic violation. That same day, the trial court summarily denied the motion by entry stating, in relevant part: "1. Motion to Suppress – DENIED."

{¶5}    On November 9, 2023, Jackson filed a request for findings of fact and conclusions of law.

{¶6}    Thereafter, Jackson entered no-contest pleas to the charges. The trial court found Jackson guilty and imposed sentence through judgment entries filed on November 16, 2023.

{¶7}    On December 14, 2023, the trial court issued an entry and order requiring the parties to submit proposed findings of fact and conclusions of law.  Additionally, the court expressly stated that its denial of the motion to suppress was not based on untimeliness but on a substantive finding that articulable suspicion existed for the traffic stop.

{¶8}    On December 21, 2023, the trial court issued its Findings of Fact and Conclusions of Law, stating:

Based on the Court's own viewing of the dash camera video in the above-captioned case, without taking testimony, the Court finds that the

defendant committed a marked lanes violation in the presence of Trooper Custer, thus providing reasonable suspicion for the traffic stop. Based on time of night, early Saturday morning, and other *Evans* factors, the arresting officer had articulable reasonable suspicion to stop defendant's vehicle for the traffic violation.

{¶9} On January 18, 2024, Jackson filed a notice of appeal[1].

{¶10} On January 25, 2024, Jackson moved to suspend his sentence. The trial court denied the motion by Judgment Entry filed January 26, 2024, stating:

1. Court DENIES Defendant's Motion to Suspend Sentence entered on November 16, 2023.

2. Defendant and the State of Ohio reached an Agreed Upon and Negotiated Plea after Court viewed the Arresting Officer's Dash Cam. Court accommodated Defendant so he would not lose his job and assigned him to a community service organization of his choice.

3. Court viewed the Dash Cam video with the attorneys and found, by competent and credible evidence, that the Arresting Officer had reasonable articulable suspicion to stop Defendant for marked lanes violations. Further, no hearing was requested by Defendant in his Motion to Suppress dated 10-12-2024.

4. Court continued all matters in favor of Defendant and the State so the attorneys could review and discuss the Urine Test results from the OSP Lab.

---

[1] *State v. Jackson,* 2024-Ohio-4667 (5th Dist.).

{¶11} In his prior appeal, on February 21, 2024, Jackson filed in the trial court a Statement of Evidence or Proceedings under App.R. 9(C). On February 22, 2024, the court issued an order stating:

Court has reviewed Defendant's Statement of Evidence or Proceedings under App.R. 9(C)(1). Court finds Defendant's Statement is a summary of the informal plea negotiations, each party's position concerning the stop of Defendant's vehicle on July 22, 2023, and the viewing of the OSP dash camera covering Defendant's driving and resulting stop. Court and the attorneys discussed a mutually agreeable plea agreement at two pretrials; all parties viewed the dash cam video; and Court found that Defendant crossed and rode on the center line on Erie Street, South, regarding which the Court has extensive knowledge of the roadway and its markings. Court further finds that all discussions with the attorneys were in good faith to reach an agreed-upon plea that would not jeopardize Defendant's employment or his ability to obtain occupational and limited driving privileges.

{¶12} On February 28, 2024, the trial court granted in part Jackson's motion to stay the sentence pending appeal.

{¶13} Between March 6, 2024, and September 11, 2024, the trial court continued Jackson's probation-review hearings due to the pending appeal.

{¶14} On September 24, 2024, this Court dismissed the January 18, 2024, appeal. We concluded that an order denying a motion to suppress constitutes a provisional remedy and is ordinarily not a final, appealable order. We further determined that the

November 16, 2023, judgment entries—containing the convictions, sentences, judge's signatures, and clerk's time stamps—were the final appealable orders, and Jackson had not appealed from those entries. We explained:

Jackson subsequently filed a notice of appeal on January 18, 2024, which attempts to litigate the merits of the motion to suppress even though Jackson pled no contest and was convicted of the underlying charges. The issues raised herein should have been raised on a direct appeal to this Court when final, appealable orders were filed on November 16, 2023.

*State v. Jackson*, 2024-Ohio-4667, ¶ 8 (5th Dist.) ("*Jackson I*").

{¶15} On February 20, 2025, Jackson filed a notice of delayed appeal. In granting the motion, this Court ordered that "[t]he instant appeal shall proceed as if it were filed as a timely appeal of right."

**Assignments of Error**

Jackson raises two assignments of error for our review,

"I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO HOLD A HEARING ON APPELLANT'S MOTION TO SUPPRESS."

"II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO SUPPRESS."

I.

**Standard of Review**

{¶16} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. The trial court, acting as the trier of fact, is best positioned to evaluate witness credibility and resolve factual

disputes. *State v. Dunlap*, 73 Ohio St.3d 308, 314 (1995); *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). Accordingly, an appellate court must accept the trial court's factual findings if they are supported by competent, credible evidence. *Burnside* at ¶ 8; *State v. Diaw*, 2025-Ohio-2323, ¶ 8.

{¶17} However, deference to factual findings presupposes that those findings were made following a procedurally proper determination. Once facts are properly found, the appellate court reviews the trial court's legal conclusions de novo. *Ornelas v. United States*, 517 U.S. 690, 698 (1996). In doing so, the appellate court should take care to review findings of fact only for clear error and to give due weight to inferences drawn from those facts by the trial court and experienced law enforcement officers operating under local conditions. *Id.* at 699.

{¶18} A motion to suppress is a pretrial motion governed by Crim.R. 12(C)(3) and subject to the filing deadlines set forth in Crim.R. 12(D). The failure to file such a motion within the prescribed time results in waiver unless the trial court, in the interest of justice, grants leave for good cause shown. Crim.R. 12(H); *State v. Phillips*, 74 Ohio St.3d 72, 97 (1995).

{¶19} When a trial court elects to consider the merits of an untimely motion— rather than deny it on procedural grounds—the court necessarily exercises its discretion to excuse the untimeliness. *State v. Bower*, 2010-Ohio-4420, ¶ 14 (5th Dist.). That discretionary decision is reviewed under an abuse of discretion standard. *State v. Medley*, 2025-Ohio-1754, ¶ 16 (5th Dist.). An abuse of discretion occurs when a court's decision is unreasonable, arbitrary, or unconscionable, including when it rests on legally incorrect

reasoning or is unsupported by the record. *Tennant v. Gallick*, 2014-Ohio-477, ¶ 35 (9th Dist.); *State v. Roman-Navarre*, 2025-Ohio-3156, ¶ 10 (5th Dist.).

**Findings of Fact and Conclusions of Law**

{¶20} Crim.R. 12(E) requires a trial court to state its essential findings on the record when factual issues are involved in resolving a motion. This requirement is triggered only upon a defendant's request. *State v. Benner*, 40 Ohio St.3d 301, 317-318 (1989); *State ex rel. Sharif v. Cuyahoga Cty. Court of Common Pleas*, 85 Ohio St.3d 375, 376-377 (1999).

{¶21} Findings of fact are unnecessary where the court resolves no factual disputes, which is unpersuasive here, as the trial court expressly determined that a reasonable articulable suspicion existed - a determination that is inherently factual and fact-dependent. *See State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326 (1998) (findings not required only where no factual issues must be resolved).

{¶22} On October 12, 2023, the trial court overruled Jackson's motion to suppress - without issuing findings of fact. On November 9, 2023, Jackson timely requested factual findings. On November 16, 2023, Jackson entered no-contest pleas and was thereafter sentenced. Only after this final judgment did the trial court issue – on December 21, 2023 – its Findings of Fact and Conclusions of Law.

{¶23} Post-hoc findings issued after conviction and sentencing, cannot cure the absence of a procedurally proper determination at the time the motion was denied, nor can post-hoc findings substitute for findings made following an evidentiary hearing where factual disputes are at issue.

**Hearing on the Motion to Suppress**

{¶24} A defendant is entitled to a suppression hearing when the motion lays out the legal and factual grounds with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided. *State v. Shindler*, 70 Ohio St.3d 54 (1994), syllabus; Crim.R. 47.

{¶25} Jackson's motion squarely challenged the existence of reasonable articulable suspicion for the warrantless traffic stop; Jackson relied on controlling authority to frame that challenge. Specifically, Jackson alleged that the dash-camera footage did not show a marked-lanes violation and cited *State v. Turner*, 2020-Ohio-6773, for the proposition that merely driving on, without crossing, a lane-control line does not constitute a violation. These allegations were sufficient to place both the prosecutor and the trial court on notice of the precise legal and factual issues to be resolved.

{¶26} Once that threshold-showing [of a warrantless search] was made, the burden shifted to the State to justify, at an evidentiary hearing, the stop. *Xenia v. Wallace*, 37 Ohio St.3d 216, 220 (1988). As noted by the *Xenia* Court, "[l]aw enforcement searches and seizures without the authority of a warrant are not entitled to a presumption of legality", and the burden of production falls upon the prosecution. *Id.* Moreover, Jackson's failure to object to the court's viewing of the dash-camera video does not constitute a waiver of his right to a hearing, nor does it relieve the State of its burden of proof.

{¶27} If a motion to suppress meets the minimum standards of Crim.R. 47, the trial court must hold a suppression hearing. *State v. Codeluppi,* 139 Ohio St.3d 165, 2014-Ohio-1574, ¶9.

{¶28} It may be argued that any error was harmless because the trial court ultimately found reasonable articulable suspicion – as justification for the stop. That argument fails because the trial court reached that conclusion without conducting a hearing and without affording Jackson the opportunity to challenge the State's evidence through cross-examination or the presentation of evidence. The maxim "the end may justify the means as long as there is something that justifies the end" rings hollow in this circumstance.

{¶29} Indeed, in its December 14, 2023, entry, the trial court expressly stated that its denial of the motion to suppress was not based on untimeliness but on a substantive finding that reasonable articulable suspicion existed. By resolving that disputed factual issue without an evidentiary hearing, the court deprived Jackson of the process to which he was entitled.

{¶30} Further, courts have consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. *State ex rel. Rock v. School Emp. Retirement Bd.*, 2002-Ohio-3957, ¶ 8. As the Supreme Court of Ohio noted,

> [T]he determination as to the appropriateness of an appeal lies solely with the appellate court," and *a trial court judge's opinion that the order appealed from is not a final, appealable order does not alter the fact that the filing of the notice of appeal divests the trial court of jurisdiction to proceed with the adjudication during the pendency of the appeal. In re S.J.,* 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 10-11; *see also In re Terrance P.* (1997), 124 Ohio App.3d 487, 489, 706 N.E.2d 801 ("the trial

court does not have any jurisdiction to consider whether the person has validly invoked the jurisdiction of the appellate court").

*State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 2011-Ohio-626, ¶16. (Emphasis added).

{¶31} Although this Court dismissed Jackson's initial appeal, our previous dismissal for lack of a final appealable order does not confer jurisdiction in the trial court to issue orders – during the pendency of the appeal - relating to the subject matter on appeal. As such, the trial court was divested of jurisdiction, and its orders issued between January 18, 2024, and September 24, 2024, are void – without force and effect – with respect to any findings made by the trial court concerning the motion to suppress. *Id.* at ¶16; *In re S.J.,* 2005-Ohio-3215, ¶15.

{¶32} In summary, where a motion to suppress sufficiently places the parties on notice of a disputed factual issue central to the legality of a traffic stop, and the trial court resolves that issue without an evidentiary hearing, the ruling constitutes an abuse of discretion.

{¶33} Jackson's first assignment of error is sustained.

II.

{¶34} In his second assignment of error, Jackson argues the trial court erred as a matter of law in denying his motion to suppress. Specifically, Jackson argues that no competent, credible evidence supported the finding that Jackson committed a marked lane violation.

{¶35} Considering our disposition of Jackson's first assignment of error, we hold that Jackson's second assignment of error is overruled as premature.

{¶36} The judgment of the Massillon Municipal Court overruling Jackson's motion to suppress is vacated. This cause is remanded to that court for further proceedings according to law.

For the reasons stated in our Opinion, the judgment of the Massillon Municipal Court is Reversed, and this case is Remanded to that court for further proceedings. Costs to Appellee.

By: Popham, J.

Baldwin, P.J. and

Montgomery, J. concur