DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Randi C., appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, which overruled appellant's objections to the magistrate's decisions regarding adjudication and disposition of the subject child, J.B. This Court vacates the judgment.
 I. {¶ 2} Appellant is the mother of J.B.
 {¶ 3} On December 8, 2005, appellee Children Services Board ("CSB") filed a complaint alleging that J.B. was dependent pursuant to R.C.2151.04(B), (C) and/or (D). The magistrate issued an ex parte order of emergency temporary custody to CSB the same day and scheduled the matter for shelter care hearing on December 9, 2005. Appellant attended the shelter care hearing without counsel. At shelter care hearing, the magistrate ordered that the child remain in the emergency temporary custody of CSB pending further proceedings.
 {¶ 4} On January 17, 2006, appellant, through counsel, moved for rehearing of the shelter care hearing to allow newly appointed counsel to present evidence of the lack of jurisdiction over the child. CSB had filed its complaint after appellant and the child left Akron for a battered women's shelter in Medina County. The magistrate granted the motion for rehearing, heard evidence and found that jurisdiction of the matter is proper in Summit County. The magistrate further found that probable cause did not exist to warrant the emergency order of temporary custody. The magistrate returned the child to the legal custody of appellant and scheduled the matter for adjudication on March 2, 2006.
 {¶ 5} CSB filed a motion to set aside the magistrate's order in regard to the finding of a lack of probable cause to support the emergency order of temporary custody. Appellant opposed the agency's motion to set aside but did not file her own motion to set aside the magistrate's order. On February 23, 2006, the trial court denied CSB's motion to set aside because the agency failed to file a transcript in support of its motion.
 {¶ 6} On February 28, 2006, appellant filed a notice of appeal with this Court "on the issue of jurisdiction pursuant to the criteria of O.R.C. 2151.06." Appellant further filed a motion for stay pending appeal, which the trial court denied because there had been no adjudicatory hearing and, therefore, nothing to stay. The trial court advised appellant that she could raise the issue of jurisdiction at the forthcoming adjudicatory hearing.
 {¶ 7} While the appeal was pending, the matter then proceeded to adjudication, at which the parties stipulated that further testimony would be duplicative of the testimony already presented at the shelter care rehearing. The parties agreed that the magistrate should consider the testimony presented at the shelter care rehearing for purposes of her determination regarding adjudication. On March 8, 2006, the magistrate issued a decision on adjudication in which she found by clear and convincing evidence that J.B. is a dependent child pursuant to R.C.2151.04(D). The magistrate issued no finding regarding jurisdiction. The trial court issued a judgment entry and order the same day in which it adopted the magistrate's decision regarding adjudication.
 {¶ 8} The matter proceeded to dispositional hearing on March 2 and 10, 2006. Appellant subsequently voluntarily dismissed her appeal on March 14, 2006. On March 24, 2006, the magistrate issued a decision in which she ordered that J.B. would remain in the legal custody of appellant under an order of protective supervision. The magistrate further addressed the issue of jurisdiction but solely within the context of appellant's request to transfer jurisdiction to Medina County where appellant continued to reside in a battered women's shelter.
 {¶ 9} Appellant filed a motion for leave to file an untimely motion to set aside. The trial court granted leave and properly construed appellant's motion to set aside as objections to the magistrate's decisions. Appellant argued that jurisdiction does not lie in Summit County and that dependency does not exist under R.C. 2151.04(D). CSB filed its opposition to appellant's objections. On June 27, 2006, the trial court overruled appellant's objections upon findings that the evidence established that J.B. is dependent pursuant to R.C. 2151.04(D) and that jurisdiction in Summit County is proper. Specifically, the trial court found that the child's dependency occurred while appellant and the child were residing in Summit County. Appellant timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR " THE COURT OF COMMON PLEAS ERR[ED] IN DECIDING THAT JURISDICTION WAS APPROPRIATE IN SUMMIT COUNTY, OHIO."
 {¶ 10} Appellant argues that the trial court lacks jurisdiction regarding J.B., because there is no evidence to establish that dependency of the child occurred in Summit County. In appellee's brief, CSB questions whether the trial court had subject matter jurisdiction to proceed with adjudicatory and dispositional hearings while the case was pending on appeal.[1] Because this Court finds that the trial court had no authority to proceed with adjudicatory and dispositional hearings or to issue an order regarding adjudication during the pendency of appellant's first appeal, we vacate the judgment from which appellant now appeals.
 {¶ 11} The Ohio Supreme Court has succinctly addressed the issue:
 "An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. State ex rel. Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, 97. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from. Id.; Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. The adjudication of a child during the pendency of an appeal interferes and is inconsistent with the jurisdiction of the appellate court. Therefore, we hold that a juvenile court lacks jurisdiction to proceed with an adjudication of a child after a notice of appeal has been filed from an order of that court.
 "Furthermore, the determination as to the appropriateness of an appeal lies solely with the appellate court. A juvenile judge has no authority to determine the validity or merit of an appeal. In re Terrance P. (1997), 124 Ohio App.3d 487, 489 ('the trial court does not have any jurisdiction to consider whether the person has validly invoked the jurisdiction of the appellate court')." In re S.J., 106 Ohio St.3d 11, 2005-Ohio-3215, at ¶¶ 9-10.
 {¶ 12} In this case, appellant filed a notice of appeal and motion to stay further action pending appeal on February 28, 2006. The trial court denied appellant's motion to stay further action pending the appeal by reasoning that there was nothing to stay because the child had not yet been adjudicated. The trial court effectively opined in contravention of the law that appellant's appeal was improperly filed. See id. at ¶ 11. The trial court then scheduled the matter for adjudication, directing that appellant could raise the issue of jurisdiction, the same issue she was purporting to raise on appeal, at the adjudication. The matter proceeded to adjudication and the trial court issued its order during the pendency of the appeal. The matter also proceeded to hearing on disposition during the pendency of the appeal. Appellant's notice of appeal, however, divested the juvenile court of any jurisdiction to proceed with the adjudication and disposition and to issue an order regarding adjudication during the pendency of appellant's initial appeal.
 {¶ 13} Because the juvenile court acted without jurisdiction by proceeding with adjudication and disposition during the pendency of appellant's initial appeal as though the matter remained on the court's active docket, the trial court's order overruling appellant's objections and adopting the magistrate's decisions is void. Accordingly, this Court vacates the trial court's judgment.
 III. {¶ 14} This Court declines to address appellant's assignment of error. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is vacated for lack of jurisdiction.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
BOYLE, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Appellee's brief states, "CSB concedes that there is a substantial issue whether the trial court could have proceeded towards the adjudication while the appeal was pending." CSB argued, however, that "the trial court did not usurp the authority of this Court[,]" because "neither the adjudication nor disposition was made final during the appeal."