[Cite as *In re C.T.*, 2024-Ohio-5083.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: C.T.

C.A. No.    31150

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DN 22 08 0717

DECISION AND JOURNAL ENTRY

Dated: October 23, 2024

CARR, Presiding Judge.

**{¶1}** Appellant Mother appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights and placed her child in the permanent custody of Summit County Children Services Board ("CSB" or "the agency"). This Court vacates the judgment.

I.

**{¶2}** Mother is the biological mother of C.T., born August 5, 2022. She also has an older child, B.T., who is not a subject of this appeal, although he was involved in a companion case below. C.T.'s paternity has been established but Father has not appealed the final dispositional judgment.

**{¶3}** After C.T. exhibited symptoms of neonatal abstinence syndrome shortly after birth, the hospital used morphine to abate those symptoms. Based additionally on the parents' histories

of drug use and drug offenses, and their failure to visit regularly with the child in the NICU, CSB filed a complaint alleging that C.T. was an abused, neglected, and dependent child.

{¶4} The juvenile court later adjudicated C.T. dependent and placed him in the temporary custody of CSB. Mother filed objections which the trial court overruled. Mother then appealed that judgment to this Court. We affirmed the juvenile court's judgment. *In re B.T.*, 2024-Ohio-432, ¶ 1 (9th Dist.).

{¶5} While Mother's appeal was pending in this Court, CSB moved for permanent custody of C.T. The juvenile court took no action regarding that motion while Mother's appeal was pending. Shortly after we issued our opinion disposing of the appeal, the trial court issued an order, scheduling a pretrial in March 2024, and two permanent custody hearing dates on April 29 and 30, 2024. Three weeks later, Mother notified the juvenile court that she had filed an appeal in the Supreme Court of Ohio on March 8, 2024, and she moved to stay the proceedings pending that appeal. The trial court denied the motion for a stay and reiterated the two April 2024 trial dates. The record contains instructions directing the clerk of court to serve the parents with notice of the hearing scheduled in April, and service was effected.

{¶6} On April 3, 2024, CSB moved for a "partial continuance" of the hearing because a certain detective was not available to testify on either April date. On April 18, 2024, the juvenile court issued an order granting the agency's motion "to schedule the testimony of [the detective] outside of the two days set for trial." The order added that "[t]he Court will schedule the additional date at trial." It again reiterated the April 29 and 30, 2024 hearing dates.

{¶7} CSB filed a pretrial statement in which it identified multiple exhibits the agency planned to present at the permanent custody hearing. The "Summit County Juvenile Division

Evidence Tracking Form" filed in the appellate record indicates that the juvenile court admitted six of those exhibits "ON 04/30/2024" at "TRIAL[.]"

{¶8} On April 30, 2024, the trial court ordered that "the partial continuance shall be granted so that the necessary witness may provide testimony. The Permanent Custody Hearing for [C.T.] scheduled for 4/29/24 and 4/30/24 will allow for additional testimony to be heard May 23, 2024 at 2:00 p.m[.]" On May 14, 2024, the Chief Justice of the Supreme Court of Ohio issued an entry asserting that the high court "declines to accept jurisdiction of [Mother's] appeal pursuant to S.Ct.Prac.R. 7.08(B)(4)."

{¶9} On May 24, 2024, the juvenile court issued its judgment in which it terminated Mother's and Father's parental rights and granted permanent custody of C.T. to CSB. The judgment states that the matter came before the judge "for TRIAL on May 23, 2024." It further makes two references to a "second day of trial" that necessarily would have occurred prior to May 23.

{¶10} Mother has appealed the juvenile court's judgment. She raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PROCEEDING WITH THE PERMANENT CUSTODY TRIAL WHEN THEY WERE DIVESTED OF JURISDICTION BECAUSE OF A PENDING APPEAL WITH THE SUPREME COURT OF OHIO.

{¶11} Mother argues that the juvenile court lacked jurisdiction to conduct a permanent custody hearing while her appeal regarding the child's adjudication remained pending before the Ohio Supreme Court. This Court agrees.

{¶12} It is well settled that "'[a]n appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal.'" *State v. Washington*, 2013-Ohio-4982, ¶ 8, quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978); *see also In re S.J.*, 2005-Ohio-3215, ¶ 9. "The trial court [only] retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *In re S.J.* at ¶ 9; *see also Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990).

{¶13} "The adjudication of a child as dependent, neglected, or abused is the jurisdictional 'hook' which allows for the on-going intervention by the State in the lives of children and their parents." *In re M.H.*, 2009-Ohio-6911, ¶ 14 (9th Dist.). The juvenile court's final disposition of a child while the child's adjudication is pending on appeal is necessarily inconsistent with the jurisdiction of the appellate court, regardless of whether the appeal is pending before the intermediate appellate court or a higher court. Accordingly, this Court concludes that the juvenile court lacked jurisdiction to proceed with the permanent custody hearing while Mother's perfected appeal to the Supreme Court of Ohio was pending.

{¶14} CSB concedes that Mother had perfected her appeal with the Supreme Court on March 8, 2024. The agency argues that, after the high court declined jurisdiction to consider the merits of her appeal, "the trial court had jurisdiction to issue its final disposition in the case." To the extent the agency argues that the juvenile court could properly hold a hearing on its motion for permanent custody as long as it did not issue its final judgment while the appeal remained pending, this Court has rejected that argument. *See In re J.B.*, 2007-Ohio-246, ¶ 10 and fn. 1 (9th Dist.).

{¶15} CSB further argues that there is nothing in the record to indicate that the juvenile court took any action related to the agency's motion for permanent custody while Mother's appeal was pending, except to issue a scheduling order that did not interfere with appellate court jurisdiction. Specifically, CSB notes that the judgment states that the trial took place on May 23, 2024, which is nine days after the Supreme Court of Ohio declined jurisdiction of Mother's appeal. The agency argues that, because Mother failed to ensure that the permanent custody hearing transcript(s) were filed as part of the appellate record, there is no indication that the juvenile court heard the motion on any day other than May 23, 2024. Accordingly, CSB directs this Court "to presume regularity in the proceedings below and affirm the trial court's judgment." While the transcript(s) would clarify the hearing date(s), the appellate record supports the conclusion that the juvenile court at a minimum conducted a portion of the permanent custody hearing on April 30, 2024, while Mother's appeal remained pending before the Supreme Court of Ohio.

{¶16} The juvenile court's multiple references in the record that the permanent custody hearing would take place on April 29 and 30, 2024, reasonably indicate that the lower court commenced the hearing before the Ohio Supreme Court declined jurisdiction of Mother's appeal. When considering the agency's motion for a "partial continuance," the trial court ordered that it would schedule an "additional date" to hear the testimony of a witness who was unavailable during the two hearing dates scheduled in April 2024. On April 30, 2024, the juvenile court issued another order, again noting the hearing dates scheduled for April 29 and 30, 2024, and "allow[ing] for additional testimony to be heard May 23, 2024[.]" The final judgment references "the first day of trial" and "the second day of trial," indicating that the trial court heard the motion for permanent custody over at least two days, one of which was prior to May 23, 2024. No other hearing dates besides April 29 and 30, 2024, are mentioned in the record.

{¶17} This Court acknowledges that, while we can reasonably infer based on the above that the juvenile court held a hearing on the agency's motion on April 29 and/or 30, 2024, the record evidence is circumstantial. Without the hearing transcript(s) in the record, this Court requires a more definitive demonstration that the trial court proceeded with the permanent custody hearing while Mother's appeal remained pending. The record contains just such determinacy.

{¶18} As noted in our procedural history above, the record contains the "Summit County Juvenile Division Evidence Tracking Form." The form states that the juvenile court judge entered upon the record the admission of six CSB exhibits "ON 04/30/2024" at "TRIAL[.]" The agency noted in its pretrial statement that those were the exhibits it would present for admission at the permanent custody hearing. The trial court's judgment refers to evidence that would necessarily be established by some of those exhibits and not merely by a lone police detective who testified on May 23, 2024. Accordingly, this Court concludes that the appellate record establishes that the juvenile court conducted some part of the permanent custody hearing on April 30, 2024.

{¶19} For the above reasons, we conclude that the juvenile court proceeded with the permanent custody hearing regarding C.T. while Mother's appeal from the child's adjudication and initial disposition was yet pending before the Supreme Court of Ohio. As the trial court acted without jurisdiction by commencing the hearing on CSB's motion during that time, its judgment is void and this Court is compelled to vacate it. *See In re J.B.*, at ¶ 13 (9th Dist.).

### III.

{¶20} The judgment of the Summit County Court of Common Pleas, Juvenile Division, is vacated for lack of jurisdiction.

Judgment vacated.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

STEPHEN M. GRACHANIN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and AARON B. CAMPBELL, Assistant Prosecuting Attorney, for Appellee.